■ Nora Kramer, Respondent, v. Metropolitan Life Insurance Company, Defendant, and Jewish National Fund, Inc., Appellant.— In an action to set aside as fraudulent a designation of appellant as beneficiary of the proceeds of a policy insuring the life of respondent's husband (now deceased) and an assignment of the policy by such insured to appellant, to recover the proceeds of the policy as a creditor, and for other relief, the appeal is from an order denying a motion for summary judgment dismissing the complaint. Order affirmed, with $20 costs and disbursements. The allegations in the complaint and respondent's proof in opposition to the motion show the existence of a triable issue of fact as to the fraudulent intent of the insured in making the designation and assignment (*Levine* v. *Grey*, 271 App. Div. 891, 929, affd. 296 N. Y. 1018). The designation of others as beneficiaries of the proceeds prior to the designation of appellant is immaterial. The issue of actual fraud with respect to such prior designations has become academic by reason of their revocation by the insured. The issue of fraud exists as of the time when the insured, his policy then constituting one of his assets as if there never had been a prior designee, irrevocably designated appellant and assigned the policy to it. Nolan, P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The proceeds of the life insurance policy in question are payable to appellant by reason of the assignment of the policy to it by the insured and his designation of it as beneficiary. That assignment and designation automatically revoked a prior designation of another institution, not a party to this action, as beneficiary. Absent proof that the previous designation was fraudulent, respondent, who as a judgment creditor of the insured seeks to set aside the assignment to and the designation of appellant on the ground of fraud, would have no right or interest in the policy or its potential proceeds at any time during the period that the said previous beneficiary had such status, that is, up to the time of the assignment to and designation of appellant (see Insurance Law, § 166, subd. 5; § 601; Insurance Law [1909], § 55-a [L. 1927, ch. 468, § 1]). Respondent has made no claim of fraud as to any

designation of beneficiary prior to the said assignment to and designation of appellant. Therefore, it appears that that assignment and designation wrought no damage to respondent. Without damage there is, of course, no fraud cognizable in law.